**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x

RALPH DUDLEY, on his own behalf and on
behalf of all others similarly situated,

Plaintiff,

v.

CABLEVISION SYSTEMS CORPORATION
and CSC HOLDINGS, LLC,

Defendants.

------------------------------------------------------------- x



**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 2 9 2010 ★

BROOKLYN OFFICE

**CV10 — 5510**

NOTICE OF REMOVAL

**FEUERSTEIN, J.**

**BOYLE, M.J.**

PLEASE TAKE NOTICE THAT Cablevision Systems Corporation ("CSC") and CSC

Holdings, LLC ("Holdings" and collectively with CSC, "Cablevision" or "Defendants"), the

defendants in the above-titled action, hereby remove that action to the United States District

Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1332, § 1441, and § 1446.

The grounds for removal are as follows:

**I.     Claims Asserted In The Complaint**

1.       On or about October 27, 2010, Plaintiff Ralph Dudley ("Dudley" or "Plaintiff")

commenced an action in the New York Supreme Court, Nassau County, captioned *Ralph Dudley,*

*on his own behalf and on behalf of all others similarly situated v. Cablevision Systems*

*Corporation and CSC Holdings, LLC* (the "Action"). A copy of the complaint filed in the

Action is annexed hereto as Exhibit A.[1]

---

[1]      Mr. Dudley's counsel has also filed in the Nassau County Supreme Court two additional purported class
actions that contain allegations nearly identical to those in the Action. Those cases are captioned *William*
*Canfield and Salvatore Gandolfo, on their own behalf and on behalf of all others similarly situated v.*
*Cablevision Systems Corp. and CSC Holdings, LLC* and *Sean Ahearn, on his own behalf and on behalf of*
*all others similarly situated v. Cablevision Systems Corp. and CSC Holdings, LLC.* The complaints in the
*Canfield* and *Ahearn* actions are annexed hereto as Exhibits B and C, respectively. Concurrent with the

6035283.1

2.      Defendants are alleged to provide cable television services to Mr. Dudley and each of the purported class members. (*Dudley* Compl. ¶ 1.) Plaintiff alleges that, as part of its service, Defendants were obligated to provide subscribers with access to television programming provided by Fox Broadcasting Company ("Fox"). (*Dudley* Compl. ¶¶ 2, , 20, 21, 27.) Plaintiff further alleges that, for a period of time, and in violation of subscription agreements, Defendants "failed to provide each of Plaintiff and the class members access to Fox programming." (*Dudley* Compl. ¶ 8.)

3.      Plaintiff seeks to represent a class of:

> All persons that have subscribed with Cablevision to be provided by Cablevision with cable television services including Fox programming, and who were subscribers between October 16, 2010 and a date to be determined when either Fox programming is restored or Cablevision ceases to charge for Fox programming.

(*Dudley* Compl. ¶ 17.)

4.      Plaintiff asserts, on behalf of himself and the putative class, claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. (*See Dudley* Compl. ¶¶ 33-53.) Plaintiff seeks compensatory damages, interest, attorneys' fees, an order requiring Cablevision to reform its billing practices, as well as other relief. (*See Dudley* Compl. Wherefore Clause.)

## II.     **Compliance With Statutory Requirements**

5.      Removal of the Action is timely.  On October 28, 2010, Plaintiff purported to serve the *Dudley* Complaint on Defendants' agent.  Defendants are removing the Action within 30 days of the purported service, rendering the removal timely. *See* 28 U.S.C. § 1446(b).

---

filing of this Notice of Removal, Defendants have filed Notices of Removal in the *Canfield* and *Ahearn* actions, as well. (*See* Golden Decl. ¶ 10.)

6035283.1

6.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the *Dudley*
complaint is attached hereto as Exhibit A.  Defendants have not served, and have not been served
with, any other process, pleadings, or orders in the Action.

7.      Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice
of removal of the action to Plaintiff and will promptly file a copy of this Notice of Removal with
the clerk of the Supreme Court of the State of New York, County of Nassau.

## III.   Jurisdiction

8.      This Court has original jurisdiction over this matter pursuant to the Class Action
Fairness Act of 2005 ("CAFA"), based on diversity of citizenship.  *See* 28 U.S.C. § 1332(d).
Under CAFA, District Courts have original diversity jurisdiction over a class action whenever:
(1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any
defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff
classes in the aggregate is" more than 100, 28 U.S.C. § 1332(d)(5)(B); and (3) "the matter in
controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," 28 U.S.C.
§ 1332(d)(2).  All CAFA requirements are satisfied in this case.

A.      Citizens of Separate States

9.      Defendant CSC is organized under the laws of Delaware and registered to do
business in, and has its principal place of business in, New York.  More specifically, CSC's
corporate headquarters are in Bethpage, New York.  Defendant Holdings is organized under the
laws of Delaware and registered to do business in, and has its principal place of business in, New
York.  More specifically, Holdings' corporate headquarters are in Bethpage, New York.

10.     At least one putative class member is a citizen of a State different from the
Defendants.  Specifically, Mr. Dudley avers that he resides in Old Bridge Township, New Jersey.

6035283.1

In addition, the purported class includes residents of New Jersey, Connecticut and Pennsylvania. (*Dudley* Compl. ¶¶ 13, 18, 20.)

        B.     <u>Number of Proposed Class Members</u>

      11.     Although Defendants do not concede that class certification is appropriate in this case or the propriety or breadth of the class alleged, the number of proposed class members exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B). Indeed, the *Dudley* complaint alleges that "the class is comprised of at least approximately 3,000,000 members." (*Dudley* Compl. ¶ 18.)

        C.     <u>Amount of Matter in Controversy</u>

      12.     Although Defendants do not concede liability on Plaintiff's claims and/or the relief and damages requested, the Action appears to place in controversy a sum greater than $5 million. *See* 28 U.S.C. § 1332(d)(2). In that regard, Plaintiff purports to represent approximately 3 million class members and seeks, among other things, "general and special compensatory damages . . . and attorneys' fees," an "order requiring Cablevision to reform its billing practices such that customers are billed only for those services that they actually receive, and only after such services have been received," and "such other, further, or different relief as may be deemed just and proper." (*Dudley* Compl. ¶ 18, Wherefore Clause.)

      13.     The basis for Defendants' belief that the matter in controversy exceeds the sum or value of $5 million is as follows. CSC has been named as a defendant in three other purported class action lawsuits arising out of the same set of operative facts and alleging claims similar to those in the Action. The cases are: (i) *Eric Bohm and Stanley J. Somer, individually and on behalf of all others similarly situated v. Cablevision Systems Corp., et al.*, filed in the District of New Jersey (*see* Amended Complaint in *Bohm* (annexed hereto as Exhibit D)); (ii) *Theodore Pearlman, Marc Tell, Julia Gallo, Andrew Koplik, and Dorothy Rabsey, individually and on behalf of all others similarly situated v. Cablevision Systems Corp.*, filed in the Eastern District

6035283.1

of New York (*see* Amended Complaint in *Pearlman* (annexed hereto as Exhibit E)); and (iii)

*Arthur Finkel, Angelo Brucchieri, and David Menoni, on behalf of themselves and all others*

*similarly situated v. Cablevision Systems Corp.*, also filed in the Eastern District of New York

(*see* Complaint in *Finkel* (annexed hereto as Exhibit F)).

    14.    Similar to the allegations in the *Dudley* Complaint, the complaints in *Bohm*,

*Pearlman*, and *Finkel* each alleges that Cablevision, among other things, breached its contracts

with its subscribers by not providing Plaintiffs with certain Fox channels for a period of time,

and/or by not reimbursing subscribers for such period. (*See Bohm* Am. Compl. ¶¶ 72-87;

*Pearlman* Am. Compl. ¶¶ 60-68; *Finkel* Compl. ¶¶ 31-41.) In each of those lawsuits (which

assert the same claims seeking the same relief for the same class of subscribers as here),

plaintiffs explicitly allege that the matter in controversy exceeds the sum or value of $5 million

exclusive of interest and costs. (*See Bohm* Am. Compl. ¶ 9; *Pearlman* Am. Compl. ¶ 15; *Finkel*

Compl. ¶ 12.)

    15.    For example, the *Finkel* complaint alleges, among other things, breach of contract

and unjust enrichment claims and seeks for each purported class member "damages of no less

than $15 for the period during which [Fox] programming was interrupted." (*See Finkel* Compl.

¶¶ 31-41, Wherefore Clause.) The damages requested in the *Finkel* complaint are based on $15-

20 credits alleged by the Plaintiffs to have been offered by CSC to certain complaining

customers. (*See Finkel* Compl. ¶ 5.)

    16.    It is reasonable to assume that Plaintiff will seek an amount of compensatory

damages similar to that which was sought in the *Finkel* complaint. Using the figures from the

*Finkel* complaint, a $15 recovery for each of the approximately 3 million alleged class members

renders the amount in controversy well over the $5 million jurisdictional requirement. Even if

6035283.1

Plaintiff in this Action seek only fifteen percent of the amount at issue in the *Finkel* action, the

$5 million amount-in-controversy requirement would be satisfied.

## IV.    Removal Will Also Aid Judicial Economy

17.    Not only is removal proper under CAFA, it will also aid judicial economy.  As

discussed above, in addition to the two other actions filed by Mr. Dudley's counsel in New York

Supreme Court, Nassau County, three other actions have been filed in district courts arising out

of the alleged interruption in Fox programming.  Plaintiffs in each of those actions purport to

represent the same class of individuals, and seek similar relief based on similar factual

allegations and causes of action.  Two of those actions (*Pearlman* and *Finkel*) are already

pending in this District.  Defendants intend to seek the transfer of the *Bohm* action from the

District of New Jersey to this District pursuant to 28 U.S.C. § 1404(a).  Defendants would also

seek the consolidation of all of the actions pending in this District, including *Dudley*, pursuant to

Fed. R. Civ. P. 42(a)(2), to be governed by a single, consolidated master complaint.  *See Katz v.

Realty Equities Corp. of New York*, 521 F.2d 1354, 1359 (2d Cir. 1975) (consolidated complaints

are "well-suited to achieving economies of effort on the part of the parties and of the court"

where there are "a number of similar complaints" filed). (*See* Golden Decl. ¶ 11.)

18.    In fact, this process has already begun.  On October 26, 2010, plaintiffs Julia

Gallo, Andrew Koplik, and Dorothy Rabsey commenced an action in the United States District

Court for the Southern District of New York alleging claims similar to those in the instant

Action. (*See Gallo* Compl. (annexed hereto as Exhibit G).)  On November 23, 2010, according

to plaintiffs' counsel in that case, the *Gallo* complaint was voluntarily "transferred from the

federal court in White Plains, New York, to the federal court in Brooklyn, where it is being

consolidated with the Complaint captioned *Pearlman v. Cablevision Systems Corp.*" (*See*

Krouner Press Release at 2 (annexed hereto as Exhibit H).)  Consistent with that announcement,

-6-

6035283.1

the *Gallo* case was voluntarily dismissed, and the *Pearlman* plaintiffs filed an amended

complaint in this Court in which the *Gallo* plaintiffs were added as additional named plaintiffs.

19.    Thus, removal of the *Dudley* Action will allow the parties to litigate this dispute

in a single action, and avoid the duplication of effort, risk of inconsistent results, and waste of

judicial resources that would result if the various cases described in this notice were allowed to

proceed separately.

## V.    <u>No Waiver of Rights</u>

20.    In making the foregoing allegations for purposes of removal, Defendants do not

concede in any way that the allegations in the *Dudley* Complaint (or any of the other complaints)

are accurate or meritorious, that Defendants breached any contracts, covenants, or agreements of

any kind, that Defendants were unjustly enriched, that Plaintiffs have asserted claims upon which

relief can be granted, or that recovery of any amount is authorized or appropriate. This Notice of

Removal does not waive any objections Defendants have or any and all other claims or defenses

by Defendants, all of which are expressly preserved herein.

WHEREFORE, the above-titled action is hereby removed to this Court from the Supreme

Court of the State of New York, County of Nassau.

Dated:    November 29, 2010               Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP
Thomas H. Golden, Esq.
Terence K. McLaughlin, Esq.
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Email: tgolden@willkie.com

*Attorneys for Defendants Cablevision
Systems Corporation and CSC Holdings,
LLC*

-7-

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
    :

RALPH DUDLEY, on his own behalf and on
behalf of all others similarly situated,    :

               Plaintiff,    :         Case No. _____

            v.         :        **DECLARATION OF**
                                     **THOMAS H. GOLDEN**
CABLEVISION SYSTEMS CORPORATION    :
and CSC HOLDINGS, LLC,

                :

           Defendants.    :
    :
-------------------------------------------------------------- x

I, Thomas H. Golden, declare as follows:

      1.     I am admitted to practice before this Court and a member of the law firm Willkie

Farr & Gallagher LLP, counsel of record for Defendants Cablevision Systems Corporation and

CSC Holdings, LLC (collectively, "Defendants") in the above-captioned action.  I submit this

declaration in support of Defendants' Notice of Removal.

      2.     Annexed as Exhibit A to the Notice of Removal is a true and correct copy of the

complaint in the above-captioned action.  Plaintiff filed this action in the Supreme Court of the

State of New York, County of Nassau.

      3.     Annexed as Exhibit B to the Notice of Removal is a true and correct copy of the

complaint captioned *William Canfield and Salvatore Gandolfo, on their own behalf and on*

*behalf of all others similarly situated v. Cablevision Systems Corp. and CSC Holdings, LLC,*

which was filed in the Supreme Court for the State of New York, County of Nassau.

      4.     Attached as Exhibit C to the Notice of Removal is a true and correct copy of the

complaint captioned *Sean Ahearn, on his own behalf and on behalf of all others similarly*

6035942.1

situated v. Cablevision Systems Corp. and CSC Holdings, LLC, which was filed in the Supreme Court for the State of New York, County of Nassau. The plaintiffs in the *Canfield* and *Ahearn* actions are represented by the same counsel as the plaintiff in the instant action (collectively with the *Canfield* and *Ahearn* actions, the "New York State Actions").

5.      Annexed as Exhibit D to the Notice of Removal is a true and correct copy of the complaint captioned *Eric Bohm and Stanley J. Somer, individually and on behalf of all others similarly situated v. Cablevision Systems Corp., et al.*, which was filed in the United States District Court for the District of New Jersey.

6.      Annexed as Exhibit E to the Notice of Removal is a true and correct copy of the complaint captioned *Theodore Pearlman, Marc Tell, Julia Gallo, Andrew Koplik, and Dorothy Rabsey, individually and on behalf of all others similarly situated v. Cablevision Systems Corp.*, which was filed in this Court.

7.      Annexed as Exhibit F to the Notice of Removal is a true and correct copy of the complaint captioned *Arthur Finkel, Angelo Brucchieri, and David Menoni, on behalf of themselves and all others similarly situated v. Cablevision Systems Corp.*, which was filed in this Court.

8.      Annexed as Exhibit G to the Notice of Removal is a true and correct copy of the complaint captioned *Julia Gallo, Andrew Koplik, and Dorothy Rabsey, individually and on behalf of all others similarly situated v. Cablevision Systems Corp.*, which was filed in the United States District Court for the Southern District of New York.

9.      Annexed as Exhibit H to the Notice of Removal is a true and correct copy of the press release issued on November 23, 2010 by Todd J. Krouner, counsel for plaintiffs in the *Gallo* action.

6035942.1

10.    Concurrently with the removal of the instant action to this Court, Defendants have filed Notices of Removal of the *Canfield* and *Ahearn* actions to this Court, as well.

11.    During the weeks of November 15 and 22, 2010, I had a number of conversations with plaintiffs' counsel in the New York State Actions and the *Bohm, Pearlman, Finkel,* and *Gallo* Actions (collectively, the "Class Actions"). In those discussions, I indicated our intention to remove the New York State Actions to this Court, to seek to transfer the *Bohm* and *Gallo* actions to this Court, and to seek to consolidate all of the Class Actions in a single proceeding in this Court. I was later informed that plaintiffs' counsel had discussed, and would continue to discuss, those suggestions. To date, no party has formally objected to, or consented to, the consolidation of the Class Actions.

12.    On or about November 23, 2010, the *Gallo* action was voluntarily dismissed from the Southern District of New York and the *Pearlman* plaintiffs filed an amended complaint in which the *Gallo* plaintiffs were added as additional named plaintiffs.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this day, November 29, 2010.

Thomas H. Golden, Esq.
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Email: tgolden@willkie.com

*Attorneys for Defendants Cablevision Systems Corporation and CSC Holdings, LLC*

Exhibit A

State of New York - Department of State
Division of Corporations

Plaintiff/Petitioner:
DUDLEY, RALPH

Party Served:
CABLEVISION SYSTEMS CORPORATION

CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 10/29/2010 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------X
RALPH DUDLEY, on his own behalf and on behalf       :       Index No. 600979/2010
of all others similarly situated,                   :
                                                    :       **SUMMONS**
                         Plaintiff,                 :
                                                    :
          - against -                               :
                                                    :
CABLEVISION SYSTEMS CORPORATION and                 :
CSC HOLDINGS, LLC,                                  :
                                                    :
                         Defendants.                :
------------------------------------------------------------------X

YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorney an answer to the
complaint in this action within <u>20</u> days after the service of this Summons and Complaint, exclusive
of the day of service, or within <u>30</u> days after service is complete if service is not personally delivered
to you within the State of New York.  In case of your failure to answer, judgment will be taken
against you by default for the relief demanded in the Complaint.

Dated:  New York, New York
        October 28, 2010

                                STAMELL & SCHAGER, LLP

                         By: _/s/ Richard J. Schager, Jr._
                             Richard J. Schager, Jr.
                             Stamell & Schager, LLP
                             One Liberty Plaza, 35th Floor
                             New York, NY 10006-1404
                             T (212) 566-4047
                             F (212) 566-4061

                         LAW OFFICE OF MICHAEL C. RAKOWER, P.C.

                             Michael C. Rakower
                             David E. Miller
                             747 Third Avenue, 32nd Floor
                             New York, NY 10017
                             T (212) 660-5550
                             F (212) 660-5551

                             *Attorneys for Plaintiff Ralph Dudley*

To:     Cablevision Systems Corporation                    CSC Holdings, LLC
        1111 Stewart Avenue          -and-                 1111 Stewart Avenue
        Bethpage, New York 11714-3581                      Bethpage, New York 11714-3581

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X

RALPH DUDLEY, on his own behalf and on behalf　　　:　　Index No. 600979/2010
of all others similarly situated,

　　　　　　　　　　　　　　　　　　　　　　　:　　**CLASS ACTION**
　　　　　　　　　　Plaintiff,　　　　　　　　:　　**COMPLAINT**

　　　　　- against -　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:　　**JURY TRIAL DEMANDED**
CABLEVISION SYSTEMS CORPORATION and　　　:
CSC HOLDINGS, LLC,　　　　　　　　　　　　:

　　　　　　　　　　Defendants.　　　　　　　:
-------------------------------------------------------------------X

　　　　Plaintiff Ralph Dudley ("Plaintiff"), by his attorneys, for his complaint against defendants

Cablevision Systems Corporation and CSC Holdings, Inc. (collectively, "Cablevision"), bring this

complaint on knowledge as to himself and otherwise on information and belief, and alleges as

follows:

### Introduction

　　　1.　　Plaintiff and each of the class members has a contract with Cablevision for the provision

of cable television services to his or her residence by Cablevision.

　　　2.　　The cable television services provided by Cablevision include access to programming

provided by Fox Broadcasting Company ("Fox").

　　　3.　　As a result of a dispute between Cablevision and Fox, Cablevision has failed to provide

Fox programming to Plaintiff and class members.

　　　4.　　Cablevision bills its customers in advance for services to be rendered.

　　　5.　　Prior to October 16, 2010, Cablevision billed each of Plaintiff and class members for

services to be rendered from October 16, 2010 through the present time and beyond.

1

6.      At the time it billed Plaintiff and class members, Cablevision had represented to Plaintiff and class members that Cablevision would provide Fox programming as part of the services for which it had billed from October 16, 2010 through the present time and beyond.

7.      At the time they were billed for Cablevision's services, each of Plaintiff and the class members reasonably believed that Cablevision would provide Fox programming from October 16, 2010 through the present time and beyond.

8.      Beginning at midnight on October 16, 2010, Cablevision failed to provide each of Plaintiff and the class members access to Fox programming.

9.      As a result, Plaintiff and class members have been denied and continue to be denied access to major sporting events, including a football game between the New York Giants and the Detroit Lions on October 17, 2010 and several games in baseball's National League Championship Series, and other popular programming including "House," "Lie to Me," "Raising Hope" and "Glee."

10.      On October 27, 2010, Plaintiff called Cablevision to request a credit or refund equal to the value of the Fox programming not provided.

11.      Cablevision refused to offer a credit or refund to the Plaintiff.

12.      Cablevision has breached its contracts with each Plaintiff and class members by failing to provide Fox programming and by failing to provide any credit or refund for the lost programming.

### Parties

13.      Plaintiff Ralph Dudley is an individual who subscribes to Cablevision and resides in Old Bridge Township, Middlesex County, New Jersey.

14.      Defendant Cablevision Systems Corporation ("CSC") is a corporation organized under the laws of Delaware and registered to do business in New York with its principal office at 1111 Stewart Avenue, Bethpage, Nassau County, New York 11714-3581.

2

15.    Defendant CSC Holdings, LLC is a corporation organized under the laws of Delaware and registered to do business in New York with its principal office at 1111 Stewart Avenue, Bethpage, Nassau County, New York 11714-3581. Defendant CSC Holdings, LLC is a subsidiary of CSC. Defendant CSC Holdings, LLC owns and controls CSC's cable television operating subsidiaries. Defendant CSC indirectly owns all of those cable television subsidiaries and controls what programming they provide.

**Class Action Allegations**

16.    Plaintiff brings this action as a class action pursuant to Civil Practice Law and Rules § 901 *et seq.* on behalf of himself and on behalf of all persons similarly situated.

17.    The class is defined herein, as follows:

> All persons that have subscribed with Cablevision to be provided by Cablevision with cable television services including Fox programming, and who were subscribers between October 16, 2010 and a date to be determined when either Fox programming is restored or Cablevision ceases to charge for Fox programming.

18.    The class is sufficiently numerous that joinder of all members is impracticable. The number of members in the class is known to Cablevision from its own books and records of the persons to whom services are provided. On Plaintiff's information and belief and the investigation of Plaintiff's counsel, the class is comprised of at least approximately 3,000,000 members, all of whom subscribe with Cablevision in the States of New York, New Jersey, Connecticut and Pennsylvania.

19.    There are questions of law or fact common to the class that predominate over any questions affecting only individual class members. These questions include, among others:

    (a)    Whether Cablevision entered into subscription contracts with class members;

    (b)    Whether Cablevision failed to provide services pursuant to the subscription agreement;

3

(c)     Whether Cablevision's subscription contracts obligate Cablevision to return to class members fees received for services for which class members had subscribed and paid and which Cablevision did not provide.

(d)     Whether Cablevision is required by the common law of unjust enrichment to return to class members fees received for services for which class members had subscribed and paid and which Cablevision did not provide.

(e)     Whether Cablevision has refused to return to class members subscription fees due to them; and

(f)     Whether the class members have suffered damages and in what amount.

20.     Plaintiff's claims are typical of the claims of the class. Those claims arise from uniform contracts each class member made with Cablevision, which contracts were on Cablevision's standardized forms, for the provision of cable television services, including Fox programming, in New York, New Jersey, Connecticut and Pennsylvania. Plaintiff has no interests that are adverse to the interests of the class.

21.     The specific channels affected by Cablevision's breach of contract are Fox's television stations in New York (WNYW 5 and WWOR 9), New Jersey (Fox 5 and MY9), Connecticut (Fox 5 and MY9) and Philadelphia (WTXF 29) and Fox Networks' cable channels, namely, FOX Deportes, Nat Geo WILD, and Fox Business Network, in all four locations. The claims of all class members are the same.

22.     Plaintiff will fairly and adequately represent the interests of the class. His interests are representative and coincident with, not antagonistic to, those of the remainder of the class. In addition, Plaintiff is represented by experienced and able counsel. Stamell & Schager, LLP, located in New York, New York, has extensive experience litigating commercial class actions such as this one on behalf of consumers and investors. The Law Office of Michael C. Rakower, P.C., located in New

4

York, New York, has extensive experience prosecuting commercial litigation matters involving allegations of breach of contract and unjust enrichment.

23.      A class action is superior to other methods for the fair and efficient adjudication of the issues in dispute. Prosecution of separate lawsuits by individual class members would create the risk of inconsistent adjudications with respect to individual class members and may, as a practical matter, be dispositive of the interest of other class members not parties to those adjudications or substantially impair or impede their ability to protect their interests. Furthermore, many class members injured by defendant's conduct will not be compensated for their injuries in the absence of a class action, since it is too expensive for most individual members to prosecute this litigation.

24.      Class members have no interest in individually controlling the prosecution of separate actions.

25.      There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as such, and no superior alternative exists whereby the relative rights of Plaintiff, other class members, and Cablevision can be fairly managed.

26.      The names and addresses of the class members are available from the business records of Defendants, and reasonable notice may be provided to the class members in such manner as the Court directs under CPLR § 904.

### Substantive Allegations

27.      Each class member is a party to at least one contract with Cablevision, on Cablevision's standardized form, for the provision of cable television services, including Fox programming.

28.      Pursuant to those contracts, each class member is billed monthly in advance by Cablevision for the provision of cable television services, including Fox programming.

29.      In those contracts, Cablevision undertook to provide credits for certain outages.

5

30.    As a result of a dispute between Cablevision and Fox, Cablevision is failing to provide certain services to Plaintiff and members of the class, namely, access to Fox programming.

31.    On October 27, 2010, Plaintiff called Cablevision to request a credit or refund equal to the value of the lost programming.

32.    In responding to that call, Cablevision refused to provide a credit or refund as a result of its failure to provide Fox programming.

**Count I:  Breach of Contract**
**(against Cablevision)**

33.    Plaintiff hereby incorporates by reference paragraphs 1-32 as if fully set forth herein.

34.    Plaintiff and each of the class members had a written contract with Cablevision for the provision of cable television services by Cablevision.

35.    Plaintiff and class members were billed in advance for cable television services, including Fox programming.

36.    Cablevision represented that it would provide Fox programming under each of those contracts.

37.    Plaintiff and class members reasonably relied on Cablevision's representations to them and to the public at large that Cablevision would provide Fox programming.

38.    Cablevision has breached its contracts with Plaintiff and each of the class members because it has failed to provide Fox programming.

39.    Cablevision's breaches are not based on any contract breach by Plaintiff or any of the class members.

40.    Moreover, Cablevision has refused to honor language in those contracts pursuant to which Cablevision promised to credit Plaintiff and class members for any "qualified outage" in their cable television services, including any outage in Fox programming.

6

41.   Where Plaintiff or other class members subsequently terminate their relationship with Cablevision, a refund, rather than a credit, is in order because such Plaintiff or other class members will not derive any benefit from a credit to an inactive account.

42.   In connection with Count I, Plaintiff requests that this Court enter judgment against Cablevision for monetary damages, with interest.

### Count II:  Breach of the Implied Covenant of Good Faith and Fair Dealing
### (against Cablevision)

43.   Plaintiff hereby incorporates by reference paragraphs 1-42 as if fully set forth herein.

44.   The aforementioned contracts contain an implied covenant of good faith and fair dealing, pursuant to which Cablevision is obliged to forego any acts that would destroy or injure Plaintiff's rights, and the rights of class members, to receive the fruits of their contracts.

45.   Cablevision chose to become embroiled in a dispute with Fox that led to the destruction of Plaintiff's rights, and the rights of class members, to receive the fruits of their contracts with Cablevision.

46.   In connection with Count II, Plaintiff requests that this Court enter judgment against Cablevision for monetary damages, with interest.

### Count III:  Unjust Enrichment
### (against Cablevision)

47.   Plaintiff hereby incorporates by reference paragraphs 1-46 as if fully set forth herein.

48.   Cablevision has billed Plaintiff and class members for cable services that Plaintiff and class members reasonably believed, based on representations by Cablevision, were to include Fox programming.

49.   The programming services provided by Cablevision did not include Fox programming during the relevant period.

50.     Cablevision has not paid Fox for the programming for which it has received payments from Plaintiff and class members.

51.     Defendants have been unjustly enriched in contravention of their contractual rights through overpayments by Plaintiff and class members.

52.     Under the common law principles of unjust enrichment, Defendants should not be permitted to retain the payments provided by Plaintiff and class members for services for which they contracted that defendant Cablevision did not provide.

53.     Plaintiff seeks disgorgement of the portion of his monthly payments allocable to Fox programming and the establishment of a constructive trust from which Plaintiff and class members may seek restitution.

### Jury Trial Demanded

54.     Plaintiff demands a trial by jury of all issues so triable in this case.

### Prayer for Relief

**WHEREFORE,** Plaintiff prays that:

A.      The Court determine that this action may be maintained as a class action under CPLR § 901, *et seq.*, that Plaintiff is a proper class representative, and that the best practicable notice of this action be given to the class members represented by Plaintiff;

B.      Plaintiff and all other class members recover the general and special compensatory damages determined to have been sustained by each of them respectively, including, but not limited to, the value of all Fox programming, with interest, and attorneys' fees, and that judgment therefore be entered herein against Cablevision in an amount to be determined;

8

C.    The Court issue an order requiring Cablevision to reform its billing practices such that customers are billed only for those services that they actually receive, and only after such services have been received; and

D.    The Court grant such other, further, or different relief as may be deemed just and proper.

Dated:  October 28, 2010
        New York, New York

STAMELL & SCHAGER, LLP

By:  /s/ Richard J. Schager, Jr.
      Richard J. Schager, Jr.

One Liberty Plaza, 35th Floor
New York, NY 10006-1404
T (212) 566-4047
F (212) 566-4061

LAW OFFICE OF MICHAEL C. RAKOWER, P.C.

Michael C. Rakower
David E. Miller

747 Third Avenue, 32nd Floor
New York, NY 10017
T (212) 660-5550
F (212) 660-5551

*Attorneys for Plaintiff Ralph Dudley*

9

20101030 8



20101030 001



US03032031
$06.320
11/04/2010
Mailed From 12231
US POSTAGE

Hasler



CERTIFIED MAIL

PS Form 3800, 6/08

7111 5495 5583 1941 1107

RETURN RECEIPT REQUESTED

Article Addressed To:

CABLEVISION SYSTEMS CORPORATION
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207

New York State Department of State
99 Washington Avenue
Albany, NY 12231

Receipt # 201011030001

COMPLETE THIS SECTION ON DELIVERY

A. Signature: (Cardholder or Client)

X

B. Recieved by: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (if different from Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City | State | ZIP + 4 Code

Sender:

CERTIFIED MAIL

CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207

DEPARTMENT OF STATE
UNIFORM COMMERCIAL CODE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

DOS-1248 (1/08)

**Exhibit B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X

WILLIAM CANFIELD and SALVATORE GANDOLFO, :
on their own behalf and on behalf of all others similarly :
situated, :
               Plaintiffs, :
 :
 :
    - against - :
 :
 :
CABLEVISION SYSTEMS CORPORATION and :
CSC HOLDINGS, LLC, :
 :
             Defendants. :
-------------------------------------------------------------------X

Index No.

**SUMMONS**

YOU ARE HEREBY SUMMONED and required to serve upon plaintiffs' attorney an answer to
the complaint in this action within 20 days after the service of this Summons and Complaint,
exclusive of the day of service, or within 30 days after service is complete if service is not
personally delivered to you within the State of New York.  In case of your failure to answer,
judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
     October 21, 2010

              STAMELL & SCHAGER, LLP

          By: _/s/ Richard J. Schager, Jr._
             Richard J. Schager, Jr.
             Stamell & Schager, LLP
             One Liberty Plaza, 35th Floor
             New York, NY 10006-1404
             T (212) 566-4047
             F (212) 566-4061

        LAW OFFICE OF MICHAEL C. RAKOWER, P.C.

             Michael C. Rakower
             David E. Miller
             747 Third Avenue, 32nd Floor
             New York, NY 10017
             T (212) 660-5550
             F (212) 660-5551

             *Attorneys for Plaintiffs William Canfield and*
             *Salvatore Gandolfo*

To:   Cablevision Systems Corporation            CSC Holdings, LLC
      1111 Stewart Avenue     -and-     1111 Stewart Avenue
      Bethpage, New York 11714-3518        Bethpage, New York 11714-3518

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------------X

| | |
|---|---|
| WILLIAM CANFIELD and SALVATORE GANDOLFO, : on their own behalf and on behalf of all others similarly situated,<br><br>                          Plaintiffs,<br><br>        - against -<br><br>CABLEVISION SYSTEMS CORPORATION and CSC HOLDINGS, LLC,<br><br>                          Defendants. | Index No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

-----------------------------------------------------------------------X

Plaintiffs William Canfield and Salvatore Gandolfo (collectively, "Plaintiffs"), by their attorneys, for their complaint against defendants Cablevision Systems Corporation and CSC Holdings, Inc. (collectively, "Cablevision"), bring this complaint on knowledge as to themselves and otherwise on information and belief, and allege as follows:

### Introduction

1.    Each of the Plaintiffs and class members has a contract with Cablevision for the provision of cable television services to his or her residence by Cablevision.

2.    The cable television services provided by Cablevision include access to programming provided by Fox Broadcasting Company ("Fox").

3.    As a result of a dispute between Cablevision and Fox, Cablevision has failed to provide Fox programming to Plaintiffs and class members.

4.    Cablevision bills its customers in advance for services to be rendered.

5.    Prior to October 16, 2010, Cablevision billed each of the Plaintiffs and class members for services to be rendered from October 16, 2010 through the present time and beyond.

6.     At the time it billed Plaintiffs and class members, Cablevision had represented to Plaintiffs and class members that Cablevision would provide Fox programming as part of the services for which it had billed from October 16, 2010 through the present time and beyond.

7.     At the time they were billed for Cablevision's services, each of the Plaintiffs and class members reasonably believed that Cablevision would provide Fox programming from October 16, 2010 through the present time and beyond.

8.     Beginning at midnight on October 16, 2010, Cablevision failed to provide each of the Plaintiffs and class members access to Fox programming.

9.     As a result, Plaintiffs and class members have been denied and continue to be denied access to major sporting events, including a football game between the New York Giants and the Detroit Lions on October 17, 2010 and several games in baseball's National League Championship Series, and other popular programming including "Fox & Friends," "American Morning," "Glee" and "Family Guy."

10.    Between October 19, 2010 and October 21, 2010, each of the Plaintiffs called Cablevision to request a credit or refund equal to the value of the Fox programming not provided.

11.    In each case, Cablevision refused to offer a credit or refund to the Plaintiff.

12.    Cablevision has breached its contracts with each Plaintiff and class members by failing to provide Fox programming and by failing to provide any credit or refund for the lost programming.

### Parties

13.    Plaintiff William Canfield is an individual who subscribes to Cablevision and resides in East Setauket, Suffolk County, New York.

2

14.     Plaintiff Salvatore Gandolfo is an individual who subscribes to Cablevision and resides in Oyster Bay, Nassau County, New York.

15.     Defendant Cablevision Systems Corporation ("CSC") is a corporation organized under the laws of Delaware and registered to do business in New York with its principal office at 1111 Stewart Avenue, Bethpage, Nassau County, New York 11714-12207.

16.     Defendant CSC Holdings, LLC is a corporation organized under the laws of Delaware and registered to do business in New York with its principal office at 1111 Stewart Avenue, Bethpage, Nassau County, New York 11714-12207.  Defendant CSC Holdings, LLC is a subsidiary of CSC.  Defendant CSC Holdings, LLC owns and controls CSC's cable television operating subsidiaries.  Defendant CSC indirectly owns all of those cable television subsidiaries and controls what programming they provide.

### Class Action Allegations

17.     Plaintiffs bring this action as a class action pursuant to Civil Practice Law and Rules § 901 *et seq.* on behalf of themselves and on behalf of all persons similarly situated.

18.     The class is defined herein, as follows:

> All persons that have subscribed with Cablevision to be provided by Cablevision with cable television services including Fox programming, and who were subscribers between October 16, 2010 and a date to be determined when either Fox programming is restored or Cablevision ceases to charge for Fox programming.

19.     The class is sufficiently numerous that joinder of all members is impracticable.  The number of members in the class is known to Cablevision from its own books and records of the persons to whom services are provided.  On Plaintiffs' information and belief and the investigation of Plaintiffs' counsel, the class is comprised of at least approximately 3,000,000 members, all of whom subscribe with Cablevision in the States of New York, New Jersey and Pennsylvania.

3

20.     On information and belief, more than one-third of the class resides in New York State.

21.     There are questions of law or fact common to the class that predominate over any questions affecting only individual class members.  These questions include, among others:

    (a)     Whether Cablevision entered into subscription contracts with class members;

    (b)     Whether Cablevision failed to provide services pursuant to the subscription agreement;

    (c)     Whether Cablevision's subscription contracts obligate Cablevision to return to class members fees received for services for which class members had subscribed and paid and which Cablevision did not provide.

    (d)     Whether Cablevision is required by the common law of unjust enrichment to return to class members fees received for services for which class members had subscribed and paid and which Cablevision did not provide.

    (e)     Whether Cablevision has refused to return to class members subscription fees due to them; and

    (f)     Whether the class members have suffered damages and in what amount.

22.     Plaintiffs' claims are typical of the claims of the class.  Those claims arise from uniform contracts each class member made with Cablevision, which contracts were on Cablevision's standardized forms, for the provision of cable television services, including Fox programming, in New York, New Jersey and Pennsylvania.  Plaintiffs have no interests that are adverse to the interests of the class.

23.     The specific channels affected by Cablevision's breach of contract are Fox's television stations in New York (WNYW 5 and WWOR 9), New Jersey (WNYW 5 and MNT-

4

WWOR) and Philadelphia (WTXF 29) and Fox Networks' cable channels, namely, FOX Deportes, Nat Geo WILD, and Fox Business Network, in all three locations. The claims of all class members are the same.

24.     Plaintiffs will fairly and adequately represent the interests of the class. The interests of Plaintiffs are representative and coincident with, not antagonistic to, those of the remainder of the class. In addition, Plaintiffs are represented by experienced and able counsel. Stamell & Schager, LLP, located in New York, New York, has extensive experience litigating commercial class actions such as this one on behalf of consumers and investors. The Law Office of Michael C. Rakower, P.C., located in New York, New York, has extensive experience prosecuting commercial litigation matters involving allegations of breach of contract and unjust enrichment.

25.     A class action is superior to other methods for the fair and efficient adjudication of the issues in dispute. Prosecution of separate lawsuits by individual class members would create the risk of inconsistent adjudications with respect to individual class members and may, as a practical matter, be dispositive of the interest of other class members not parties to those adjudications or substantially impair or impede their ability to protect their interests. Furthermore, many class members injured by defendant's conduct will not be compensated for their injuries in the absence of a class action, since it is too expensive for most individual members to prosecute this litigation.

26.     Class members have no interest in individually controlling the prosecution of separate actions.

27.     There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as such, and no superior alternative exists whereby the relative rights of Plaintiffs, other class members, and Cablevision can be fairly managed.

5

28.    The names and addresses of the class members are available from the business records of Defendants, and reasonable notice may be provided to the class members in such manner as the Court directs under CPLR § 904.

### Substantive Allegations

29.    Each class member is a party to at least one contract with Cablevision, on Cablevision's standardized form, for the provision of cable television services, including Fox programming.

30.    Pursuant to those contracts, each class member is billed monthly in advance by Cablevision for the provision of cable television services, including Fox programming.

31.    In those contracts, Cablevision undertook to provide credits for certain outages.

32.    As a result of a dispute between Cablevision and Fox, Cablevision is failing to provide certain services to Plaintiffs, namely, access to Fox programming.

33.    Between October 19, 2010 and October 21, 2010, Plaintiffs each called Cablevision to request a credit or refund equal to the value of the lost programming.

34.    In response to each of those calls, Cablevision refused to provide a credit or refund as a result of its failure to provide Fox programming.

### Count I:  Breach of Contract
### (against Cablevision)

35.    Plaintiffs hereby incorporate by reference paragraphs 1-34 as if fully set forth herein.

36.    Each of the Plaintiffs and class members had a written contract with Cablevision for the provision of cable television services by Cablevision.

37.    Plaintiffs and class members were billed in advance for cable television services, including Fox programming.

38.     Cablevision represented that it would provide Fox programming under each of those contracts.

39.     Plaintiffs and class members reasonably relied on Cablevision's representations to them and to the public at large that Cablevision would provide Fox programming.

40.     Cablevision has breached its contracts with each of the named Plaintiffs and class members because it has failed to provide Fox programming.

41.     Cablevision's breaches are not based on any contract breach by any of the named Plaintiffs or class members.

42.     Moreover, Cablevision has refused to honor language in those contracts pursuant to which Cablevision promised to credit Plaintiffs and class members for any "qualified outage" in their cable television services, including any outage in Fox programming.

43.     Where Plaintiffs or other class members subsequently terminate their relationship with Cablevision, a refund, rather than a credit, is in order because such Plaintiffs or other class members will not derive any benefit from a credit to an inactive account.

44.     In connection with Count I, Plaintiffs request that this Court enter judgment against Cablevision for monetary damages, with interest.

### Count II:  Breach of the Implied Covenant of Good Faith and Fair Dealing
### (against Cablevision)

45.     Plaintiffs hereby incorporate by reference paragraphs 1-44 as if fully set forth herein.

46.     The aforementioned contracts contain an implied covenant of good faith and fair dealing, pursuant to which Cablevision is obliged to forego any acts that would destroy or injure Plaintiffs' rights, and the rights of class members, to receive the fruits of their contracts.

7

47.    Cablevision chose to become embroiled in a dispute with Fox that led to the destruction of Plaintiffs' rights, and the rights of class members, to receive the fruits of their contracts with Cablevision.

48.    In connection with Count II, Plaintiffs request that this Court enter judgment against Cablevision for monetary damages, with interest.

**Count III:  Unjust Enrichment
(against Cablevision)**

49.    Plaintiffs hereby incorporate by reference paragraphs 1-48 as if fully set forth herein.

50.    Cablevision has billed Plaintiffs and class members for cable services that Plaintiffs and class members reasonably believed, based on representations by Cablevision, were to include Fox programming.

51.    The programming services provided by Cablevision did not include Fox programming during the relevant period.

52.    Defendants have been unjustly enriched in contravention of their contractual rights through overpayments by Plaintiffs and class members.

53.    Under the common law principles of unjust enrichment, Defendants should not be permitted to retain the payments provided by Plaintiffs and class members for services for which they contracted that defendant Cablevision did not provide.

54.    Plaintiffs seek disgorgement of the portions of their monthly payments allocable to Fox programming and the establishment of a constructive trust from which Plaintiffs and class members may seek restitution.

**Jury Trial Demanded**

55.    Plaintiffs demand a trial by jury of all issues so triable in this case.

8

### Prayer for Relief

**WHEREFORE**, Plaintiffs pray that:

A.     The Court determine that this action may be maintained as a class action under CPLR § 901, *et seq.*, that Plaintiffs are proper class representatives, and that the best practicable notice of this action be given to the class members represented by Plaintiffs;

B.     Plaintiffs and all other class members recover the general and special compensatory damages determined to have been sustained by each of them respectively, including, but not limited to, the value of all Fox programming, with interest, and attorneys' fees, and that judgment therefore be entered herein against Cablevision in an amount to be determined;

C.     The Court issue an order requiring Cablevision to reform its billing practices such that customers are billed only for those services that they actually receive, and only after such services have been received; and

D.     The Court grant such other, further, or different relief as may be deemed just and proper.

Dated: October 21, 2010
       New York, New York

                    STAMELL & SCHAGER, LLP

                    By:  /s/ Richard J. Schager, Jr.
                         Richard J. Schager, Jr.

                    One Liberty Plaza, 35th Floor
                    New York, NY 10006-1404
                    T (212) 566-4047
                    F (212) 566-4061

LAW OFFICE OF MICHAEL C. RAKOWER, P.C.

Michael C. Rakower
David E. Miller

747 Third Avenue, 32nd Floor
New York, NY 10017
T (212) 660-5550
F (212) 660-5551

*Attorneys for Plaintiffs William Canfield and Salvatore Gandolfo*

10

Exhibit C

State of New York - Department of State
Division of Corporations

Plaintiff/Petitioner:
AHEARN, SEAN

Party Served:
CSC HOLDINGS, LLC

C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 10/28/2010 pursuant to SECTION 303 OF THE LIMITED LIABILITY COMPANY
LAW. This copy is being transmitted pursuant to such statute to the address
provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------X
SEAN AHEARN, on his own behalf and on behalf　　　：　　Index No. 600975/2010
of all others similarly situated,　　　　　　　　　　　　：

　　　　　　　　　　　　　　　　　　　　　：　　**SUMMONS**

　　　　　　　　　　Plaintiffs,　　　　　　　　：

　　　　- against -　　　　　　　　　　　　　　　：

CABLEVISION SYSTEMS CORPORATION and　　：
CSC HOLDINGS, LLC,　　　　　　　　　　　　：

　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　　Defendants.　　　　　　　：
-----------------------------------------------------------------------X

YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorney an answer to
the complaint in this action within 20 days after the service of this Summons and Complaint,
exclusive of the day of service, or within 30 days after service is complete if service is not
personally delivered to you within the State of New York.  In case of your failure to answer,
judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
　　　　October 27, 2010

　　　　　　　　　　　　　　　　STAMELL & SCHAGER, LLP

　　　　　　　　　　　　By:  /s/ Richard J. Schager, Jr.
　　　　　　　　　　　　　　　Richard J. Schager, Jr.
　　　　　　　　　　　　　　　Stamell & Schager, LLP
　　　　　　　　　　　　　　　One Liberty Plaza, 35th Floor
　　　　　　　　　　　　　　　New York, NY 10006-1404
　　　　　　　　　　　　　　　T (212) 566-4047
　　　　　　　　　　　　　　　F (212) 566-4061

　　　　　　　　　　　　LAW OFFICE OF MICHAEL C. RAKOWER, P.C.

　　　　　　　　　　　　　　　Michael C. Rakower
　　　　　　　　　　　　　　　David E. Miller
　　　　　　　　　　　　　　　747 Third Avenue, 32nd Floor
　　　　　　　　　　　　　　　New York, NY 10017
　　　　　　　　　　　　　　　T (212) 660-5550
　　　　　　　　　　　　　　　F (212) 660-5551

　　　　　　　　　　　　　*Attorneys for Plaintiff Sean Ahearn*

To:　　Cablevision Systems Corporation　　　　　　　CSC Holdings, LLC
　　　　1111 Stewart Avenue　　　　　　-and-　　　　1111 Stewart Avenue
　　　　Bethpage, New York 11714-3581　　　　　　　Bethpage, New York 11714-3581

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------X
SEAN AHEARN, on his own behalf and on behalf     :     Index No. 600975/2010
of all others similarly situated,                                  :

                           Plaintiffs,       :     **CLASS ACTION**
                                            :     **COMPLAINT**

               - against -          :

                                            :     **JURY TRIAL DEMANDED**
CABLEVISION SYSTEMS CORPORATION and       :
CSC HOLDINGS, LLC,                              :

                          Defendants.     :
-----------------------------------------------------------------------X

      Plaintiff Sean Ahearn ("Plaintiff"), by his attorneys, for his complaint against defendants

Cablevision Systems Corporation and CSC Holdings, Inc. (collectively, "Cablevision"), bring

this complaint on knowledge as to himself and otherwise on information and belief, and alleges

as follows:

### Introduction

    1.    The Plaintiff and each of the class members has a contract with Cablevision for the

provision of cable television services to his or her residence by Cablevision.

    2.    The cable television services provided by Cablevision include access to

programming provided by Fox Broadcasting Company ("Fox").

    3.    As a result of a dispute between Cablevision and Fox, Cablevision has failed to

provide Fox programming to Plaintiff and class members.

    4.    Cablevision bills its customers in advance for services to be rendered.

    5.    Prior to October 16, 2010, Cablevision billed each of Plaintiff and class members for

services to be rendered from October 16, 2010 through the present time and beyond.

6.     At the time it billed Plaintiff and class members, Cablevision had represented to Plaintiff and class members that Cablevision would provide Fox programming as part of the services for which it had billed from October 16, 2010 through the present time and beyond.

7.     At the time they were billed for Cablevision's services, each of Plaintiff and the class members reasonably believed that Cablevision would provide Fox programming from October 16, 2010 through the present time and beyond.

8.     Beginning at midnight on October 16, 2010, Cablevision failed to provide each of Plaintiff and the class members access to Fox programming.

9.     As a result, Plaintiff and class members have been denied and continue to be denied access to major sporting events, including a football game between the New York Giants and the Detroit Lions on October 17, 2010 and several games in baseball's National League Championship Series, to other popular programming including "Glee" and "Family Guy," and to a debate between candidates for governor of Connecticut.

10.    On October 27, 2010, Plaintiff called Cablevision to request a credit or refund equal to the value of the Fox programming not provided.

11.    Cablevision refused to offer a credit or refund to the Plaintiff.

12.    Cablevision has breached its contracts with each Plaintiff and class members by failing to provide Fox programming and by failing to provide any credit or refund for the lost programming.

**Parties**

13.    Plaintiff Sean Ahearn is an individual who subscribes to Cablevision and resides in Greenwich, Fairfield County, Connecticut.

2

14.     Defendant Cablevision Systems Corporation ("CSC") is a corporation organized under the laws of Delaware and registered to do business in New York with its principal office at 1111 Stewart Avenue, Bethpage, Nassau County, New York 11714-3581.

15.     Defendant CSC Holdings, LLC is a corporation organized under the laws of Delaware and registered to do business in New York with its principal office at 1111 Stewart Avenue, Bethpage, Nassau County, New York 11714-3581. Defendant CSC Holdings, LLC is a subsidiary of CSC. Defendant CSC Holdings, LLC owns and controls CSC's cable television operating subsidiaries. Defendant CSC indirectly owns all of those cable television subsidiaries and controls what programming they provide.

<u>Class Action Allegations</u>

16.     Plaintiff brings this action as a class action pursuant to Civil Practice Law and Rules § 901 *et seq.* on behalf of himself and on behalf of all persons similarly situated.

17.     The class is defined herein, as follows:

> All persons that have subscribed with Cablevision to be provided by Cablevision with cable television services including Fox programming, and who were subscribers between October 16, 2010 and a date to be determined when either Fox programming is restored or Cablevision ceases to charge for Fox programming.

18.     The class is sufficiently numerous that joinder of all members is impracticable. The number of members in the class is known to Cablevision from its own books and records of the persons to whom services are provided. On Plaintiff's information and belief and the investigation of Plaintiff's counsel, the class is comprised of at least approximately 3,000,000 members, all of whom subscribe with Cablevision in the States of New York, New Jersey, Connecticut and Pennsylvania.

19.     There are questions of law or fact common to the class that predominate over any questions affecting only individual class members. These questions include, among others:

3

(a)     Whether Cablevision entered into subscription contracts with class members;

(b)     Whether Cablevision failed to provide services pursuant to the subscription agreement;

(c)     Whether Cablevision's subscription contracts obligate Cablevision to return to class members fees received for services for which class members had subscribed and paid and which Cablevision did not provide.

(d)     Whether Cablevision is required by the common law of unjust enrichment to return to class members fees received for services for which class members had subscribed and paid and which Cablevision did not provide.

(e)     Whether Cablevision has refused to return to class members subscription fees due to them; and

(f)     Whether the class members have suffered damages and in what amount.

20.     Plaintiff's claims are typical of the claims of the class.  Those claims arise from uniform contracts each class member made with Cablevision, which contracts were on Cablevision's standardized forms, for the provision of cable television services, including Fox programming, in New York, New Jersey, Connecticut and Pennsylvania.  Plaintiff has no interests that are adverse to the interests of the class.

21.     The specific channels affected by Cablevision's breach of contract are Fox's television stations in New York (WNYW 5 and WWOR 9), New Jersey (Fox 5 and MY9), MNT-WWOR), Connecticut (Fox 5 and MY9) and Philadelphia (WTXF 29) and Fox Networks' cable channels, namely, FOX Deportes, Nat Geo WILD, and Fox Business Network, in all four locations.  The claims of all class members are the same.

22.     Plaintiff will fairly and adequately represent the interests of the class.  His interests are representative and coincident with, not antagonistic to, those of the remainder of the class.  In

4

addition, Plaintiff is represented by experienced and able counsel. Stamell & Schager, LLP, located in New York, New York, has extensive experience litigating commercial class actions such as this one on behalf of consumers and investors. The Law Office of Michael C. Rakower, P.C., located in New York, New York, has extensive experience prosecuting commercial litigation matters involving allegations of breach of contract and unjust enrichment.

23.     A class action is superior to other methods for the fair and efficient adjudication of the issues in dispute. Prosecution of separate lawsuits by individual class members would create the risk of inconsistent adjudications with respect to individual class members and may, as a practical matter, be dispositive of the interest of other class members not parties to those adjudications or substantially impair or impede their ability to protect their interests. Furthermore, many class members injured by defendant's conduct will not be compensated for their injuries in the absence of a class action, since it is too expensive for most individual members to prosecute this litigation.

24.     Class members have no interest in individually controlling the prosecution of separate actions.

25.     There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as such, and no superior alternative exists whereby the relative rights of Plaintiff, other class members, and Cablevision can be fairly managed.

26.     The names and addresses of the class members are available from the business records of Defendants, and reasonable notice may be provided to the class members in such manner as the Court directs under CPLR § 904.

<u>Substantive Allegations</u>

27.     Each class member is a party to at least one contract with Cablevision, on Cablevision's standardized form, for the provision of cable television services, including Fox programming.

28.    Pursuant to those contracts, each class member is billed monthly in advance by Cablevision for the provision of cable television services, including Fox programming.

29.    In those contracts, Cablevision undertook to provide credits for certain outages.

30.    As a result of a dispute between Cablevision and Fox, Cablevision is failing to provide certain services to Plaintiff and members of the class, namely, access to Fox programming.

31.    On October 27, 2010, Plaintiff called Cablevision to request a credit or refund equal to the value of the lost programming.

32.    In response to that call, Cablevision refused to provide a credit or refund as a result of its failure to provide Fox programming.

### Count I:  Breach of Contract
### (against Cablevision)

33.    Plaintiff hereby incorporates by reference paragraphs 1-32 as if fully set forth herein.

34.    Plaintiff and each of the class members had a written contract with Cablevision for the provision of cable television services by Cablevision.

35.    Plaintiff and class members were billed in advance for cable television services, including Fox programming.

36.    Cablevision represented that it would provide Fox programming under each of those contracts.

37.    Plaintiff and class members reasonably relied on Cablevision's representations to them and to the public at large that Cablevision would provide Fox programming.

38.    Cablevision has breached its contracts with Plaintiff and each of the class members because it has failed to provide Fox programming.

39.    Cablevision's breaches are not based on any contract breach by Plaintiff or any of the class members.

6

40.     Moreover, Cablevision has refused to honor language in those contracts pursuant to which Cablevision promised to credit Plaintiff and class members for any "qualified outage" in their cable television services, including any outage in Fox programming.

41.     Where Plaintiff or other class members subsequently terminate their relationship with Cablevision, a refund, rather than a credit, is in order because such Plaintiff or other class members will not derive any benefit from a credit to an inactive account.

42.     In connection with Count I, Plaintiff requests that this Court enter judgment against Cablevision for monetary damages, with interest.

### Count II:  Breach of the Implied Covenant of Good Faith and Fair Dealing
### (against Cablevision)

43.     Plaintiff hereby incorporates by reference paragraphs 1-42 as if fully set forth herein.

44.     The aforementioned contracts contain an implied covenant of good faith and fair dealing, pursuant to which Cablevision is obliged to forego any acts that would destroy or injure Plaintiff's rights, and the rights of class members, to receive the fruits of their contracts.

45.     Cablevision chose to become embroiled in a dispute with Fox that led to the destruction of Plaintiff's rights, and the rights of class members, to receive the fruits of their contracts with Cablevision.

46.     In connection with Count II, Plaintiff requests that this Court enter judgment against Cablevision for monetary damages, with interest.

### Count III:  Unjust Enrichment
### (against Cablevision)

47.     Plaintiff hereby incorporates by reference paragraphs 1-46 as if fully set forth herein.

48.     Cablevision has billed Plaintiff and class members for cable services that Plaintiff and class members reasonably believed, based on representations by Cablevision, were to include Fox programming.

7

49.    The programming services provided by Cablevision did not include Fox programming during the relevant period.

50.    Cablevision has not paid Fox for the programming for which it has received payments from Plaintiff and class members.

51.    Defendants have been unjustly enriched in contravention of their contractual rights through overpayments by Plaintiff and class members.

52.    Under the common law principles of unjust enrichment, Defendants should not be permitted to retain the payments provided by Plaintiff and class members for services for which they contracted that defendant Cablevision did not provide.

53.    Plaintiff seeks disgorgement of the portion of his monthly payments allocable to Fox programming and the establishment of a constructive trust from which Plaintiff and class members may seek restitution.

### Jury Trial Demanded

54.    Plaintiff demands a trial by jury of all issues so triable in this case.

### Prayer for Relief

WHEREFORE, Plaintiff prays that:

A.    The Court determine that this action may be maintained as a class action under CPLR § 901, *et seq.*, that Plaintiff is a proper class representative, and that the best practicable notice of this action be given to the class members represented by Plaintiff;

B.    Plaintiff and all other class members recover the general and special compensatory damages determined to have been sustained by each of them respectively, including, but not limited to, the value of all Fox programming, with interest, and attorneys'

8

fees, and that judgment therefore be entered herein against Cablevision in an amount to be determined;

C.    The Court issue an order requiring Cablevision to reform its billing practices such that customers are billed only for those services that they actually receive, and only after such services have been received; and

D.    The Court grant such other, further, or different relief as may be deemed just and proper.

Dated: October 27, 2010
New York, New York

STAMELL & SCHAGER, LLP

By: /s/ Richard J. Schager, Jr.
Richard J. Schager, Jr.

One Liberty Plaza, 35th Floor
New York, NY 10006-1404
T (212) 566-4047
F (212) 566-4061

LAW OFFICE OF MICHAEL C. RAKOWER, P.C.

Michael C. Rakower
David E. Miller

747 Third Avenue, 32nd Floor
New York, NY 10017
T (212) 660-5550
F (212) 660-5551

*Attorneys for Plaintiff Sean Ahearn*

9







016H26520531
$06.320
11/01/2010
Mailed From 12231
US POSTAGE

Hasler



CERTIFIED MAIL

7111 5445 5583 1940 1023

RETURN RECEIPT REQUESTED

Article Addressed To:

CSC HOLDINGS, LLC
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

Sender:

New York State Department of State
99 Washington Avenue
Albany, NY 12231

Receipt # 201010290615

COMPLETE THIS SECTION ON DELIVERY

A. Signature: (☐Addressee or ☐Agent)
X

B. Recieved by: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City                    State      ZIP + 4 Code

PS From 3800 6/06

CERTIFIED MAIL

Dear Sir/Madam:

C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

DEPARTMENT OF STATE
UNIFORM COMMERCIAL CODE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

DOS-1248 (1/08)